J-S26044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DONALD REEL :
:
Appellant : No. 2484 EDA 2017

Appeal from the PCRA Order July 12, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0819632-1976

BEFORE: BENDER, P.J.E., BOWES, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED AUGUST 03, 2018**

Appellant, Donald Reel, was convicted of first-degree murder, aggravated assault, simple assault, and firearms offenses in 1977. He is serving a mandatory term of life imprisonment without parole. Here, he appeals, *pro se*, from the order entered in the Court of Common Pleas of Philadelphia County dismissing his serial petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. We affirm.

The PCRA court's Opinion filed on August 9, 2017, sets forth the full procedural history of the case *sub judice* such that we need not repeat it for purposes of our review. Suffice it to say Appellant has appealed from the PCRA court's denial of his fifth PCRA petition and asserts that he qualifies for a "newly recognized constitutional right" exception to the PCRA's timeliness provision at Section 9545(b)(1)(iii), as explained more fully below.

_____
* Former Justice specially assigned to the Superior Court.

The timing of a PCRA petition "is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief." *Commonwealth v. Whitney*, 817 A.2d 473, 478 (Pa. 2003) (citations omitted). A petition must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, an exception to the timeliness requirement. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

A petition invoking one of these statutory exceptions "shall be filed within 60 days of the date the claim could have been presented[,]" 42 Pa.C.S.A. § 9545(b)(2), and exceptions to the PCRA's time bar must be pled in the petition, *see Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa.Super. 2007). Notably, "[a] contention that a newly-recognized constitutional right should be extended to others does not render [a] petition [seeking such an expansion of the right] timely pursuant to section 9545(b)(1)(iii)." *Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa.Super. 2016) (citation omitted; brackets in original; emphasis in original).

Appellant's judgment of sentence became final on or about May 28, 1981, ninety days after the Pennsylvania Supreme Court affirmed his judgments of sentence in *Commonwealth v. Reel*, 425 A.2d 739 (Pa. 1981) (*per curiam*). *See* 42 Pa.C.S.A. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania or at the expiration of time for seeking the review"). Therefore, this petition, his fifth,

filed over thirty years later on June 29, 2012, and incorporating two amended petitions, is patently untimely.

Appellant argues his petition qualifies for a newly-recognized constitutional right exception set forth in § 9545(b)(1)(iii). Specifically, he alleges the United States Supreme Court decision in *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed. 2d. 407 (2012), holding that "mandatory life without parole for those under the age of 18 at the time of their crimes violated the Eighth Amendment's prohibition on cruel and unusual punishment[,]" *Id.*, ---- U.S. at ----, 132 S. Ct. at 2469, ---- L.Ed. 2d at ----, provides him with a basis for relief.

Appellant evokes this newly-recognized constitutional right exception through *Montgomery v. Louisiana*, --- U.S. at ----, 136 S.Ct. at 736, 193 L.Ed.2d at ----. In *Montgomery*, the United States Supreme Court declared its prior holding in *Miller* constitutes a substantive rule of constitutional law to which state collateral review courts were required as a constitutional matter to give retroactive effect. *Montgomery*, --- U.S. at ----, 136 S.Ct. at 736, 193 L.Ed.2d at ----. The Supreme Court held therein that the new rule of law announced in *Miller* applies retroactively to cases on collateral review.

The United States Supreme Court decided *Montgomery* on January 25, 2016, and Appellant filed his amended petition on March 25, 2016. In *Commonwealth v. Secreti*, 134 A.3d 77, 82 (Pa.Super. 2016), this Court held that the date upon which *Montgomery* had been decided is to be used when calculating whether a petition is timely filed under the sixty-day rule of

42 Pa.C.S.A. § 9545(b)(2). Because Appellant's PCRA petition was filed on March 25, 2016, he has satisfied the PCRA time-bar. **See** 42 Pa.C.S.A. § 9545(b)(2). Notwithstanding, **Miller** does not apply to his case.

While the Supreme Court's holding in **Miller** set forth a bright-line rule prohibiting the imposition of such mandatory life sentences on juvenile offenders, it did not prevent a trial court from imposing such a sentence upon an individual such as Appellant who was over the age of eighteen at the time he committed murder.[1] Therefore, the right recognized by **Miller** and held to be retroactive in **Montgomery** does not provide Appellant a basis for relief from the PCRA time-bar. **See Miller**, ––– U.S. at ––––, 132 S. Ct. at 2469, ––– L.Ed.2d at –––– (holding "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders.") **See also Commonwealth v. Cintora**, 69 A.3d 759, 764 (Pa.Super. 2013) (holding **Miller** is not an exception under Section 9545(b)(1)(iii) to those over the age of eighteen at the time crimes were committed); **Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa.Super. 2016) (holding the **Miller** decision applies only to defendants "under the age of 18 at the time of their crimes").

Additionally, Appellant attempts to defeat the PCRA time-bar by alleging an exception pursuant to **Lafler v. Cooper**, 566 U.S. 156, 132 S.Ct. 1376, 182 L.Ed. 2d 398 (2012), in which the United States Supreme Court held a

---

[1] Appellant was 18 years, 11 months' old at the time he committed murder.

defendant's Sixth Amendment right to counsel requires effective assistance of counsel at all crucial stages of a criminal proceeding, *id.* at 1384–85, and its companion case *Missouri v. Frye*, 566 U.S. 134, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012). This Court emphasized, however, in *Commonwealth v. Feliciano*, 69 A.3d 1270, 1277 (Pa.Super. 2013) that *Lafler* did not create a new constitutional right. Indeed, we reiterated in *Commonwealth v. Hernandez*, 79 A.3d 649, 654 (Pa.Super. 2013) that neither *Lafler* nor *Frye* established a newly-recognized constitutional right that would provide an appellant with an exception to the PCRA timeliness requirements. *See also Commonwealth v. Wharton*, 584 Pa. 576, 588, 886 A.2d 1120, 1127 (2005); *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa.Super. 2007) (allegations of counsel's ineffectiveness will not overcome the jurisdictional timeliness requirements of the PCRA). Furthermore, to the extent Appellant invokes *Lafler* and *Frye* simply as an alternate means by which to achieve merits review of his *Miller* claim, we reiterate *Miller* is inapplicable to his case.

As Appellant has failed to plead and prove one of the exceptions to the PCRA time-bar, the courts of this Commonwealth are without jurisdiction to offer him any relief. *Commonwealth v. Jackson*, 30 A.3d 516, 523 (Pa.Super. 2011). Accordingly, the PCRA court properly denied Appellant's patently untimely PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/3/18